IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELEANOR WEDDINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-cv-00529-M |
| | § | |
| ACE PARKING MANAGEMENT, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on March 2, 2016 [Docket Entry #3]. Under the Local Rules, a Response to an opposed motion must be filed within twenty-one days from the date the motion was filed. L.R. 7.1. Plaintiff has not filed a Response, and notice was given by the Court that the deadline had expired. The Court therefore proceeds without the benefit of a Response. For the reasons stated below, the Motion is **GRANTED**.

I. **BACKGROUND**

Plaintiff Eleanor Weddington filed this premises liability case in Texas state court on December 10, 2015, alleging that Defendant Ace Parking, Inc. is liable for damages she suffered in December 2013, when she claims she slipped and fell on ice in Defendant's parking lot, fracturing her ankle. Original Pet. [Docket Entry #1-2] at ¶ 3.1. She alleges Defendant's negligence was the proximate cause of her injuries. Defendant removed the case on February 25, 2016, on the basis of diversity jurisdiction, and moved to dismiss Plaintiff's claim.

II. **LEGAL STANDARD**

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim

1

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) Motion to Dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully, *id.*, and Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

Under Texas law, the duty owed to a plaintiff by a premises owner depends on the plaintiff's status. *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010). Assuming Plaintiff is correct that she was an "invitee" on Defendant's premises, Pet. at ¶ 4.1, Defendant owed her a duty "to exercise reasonable care to protect against danger from a condition on the land that create[d] an unreasonable risk of harm of which [Defendant] knew or by the exercise of reasonable care would discover." *Scott & White Mem'l Hosp.*, 310 S.W.3d at 412 (quoting *CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 101 (Tex. 2000)).

Plaintiff has failed to allege the existence of a condition posing an unreasonable risk of harm on Defendant's premises. The Supreme Court of Texas has held that because naturally accumulated ice "results from precipitation beyond a premises owner's control," and invitees "are at least as aware as landowners of the existence of [ice] that has accumulated naturally outdoors and will often be in a better position to take immediate precautions against injury," naturally accumulated ice on a defendant's premises does not pose an unreasonable risk of harm to invitees. *Id.* at 412, 414; *see also Lough v. Pack*, 2013 WL 1149524, at *2 (Tex. App.–Fort

Worth 2013, no pet.) ("[N]aturally occurring ice does not present an unreasonable risk of harm unless there is assistance or involvement of unnatural contact." (internal citation omitted)).

Plaintiff's Original Petition does not contain any facts indicating that the ice she slipped on did not accumulate naturally. Indeed, Plaintiff alleges she fell following "inclement weather in the form of snow and ice precipitation." Original Pet. at ¶ 3.1. Plaintiff also has not alleged any exception to the general rule that naturally accumulated ice does not constitute an unreasonable risk of harm to invitees, because "the hazard complained of by [Plaintiff] is the slipperiness of the ice itself. Such a danger is one that is normally associated with ice. . . ." *Scott & White Mem'l Hosp.*, 310 S.W.3d at 417. Thus, Plaintiff has not alleged facts which support a claim for negligence under Texas law, and her claim must be dismissed.

## IV.   CONCLUSION

Defendant's Motion is therefore **GRANTED**, and this case is **DISMISSED** without prejudice for failure to state a claim. Plaintiff may file an amended complaint within twenty-one days asserting additional facts in support of her negligence claim. If she does not, this case will be dismissed with prejudice.

**SO ORDERED**.

April 21, 2016.

**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**

3