IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELEANOR WEDDINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-cv-00529-M |
| | § | |
| ACE PARKING MANAGEMENT, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry #11]. For the reasons stated below, the Motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff Eleanor Weddington filed this premises liability case in Texas state court on December 10, 2015, alleging that Defendant Ace Parking, Inc. is liable for damages she suffered in December 2013, when she claims she slipped and fell on ice in Defendant's parking lot, fracturing her ankle. Original Pet. [Docket Entry #1-2] ¶ 3.1. She alleges that Defendant's negligence was the proximate cause of her injuries. Defendant removed the case on February 25, 2016, on the basis of diversity jurisdiction and moved to dismiss Plaintiff's complaint. This Court dismissed Plaintiff's case without prejudice on April 21, 2016, and permitted Plaintiff to file an amended complaint, which Plaintiff did [Docket Entry #10]. Defendant now moves to dismiss the First Amended Original Complaint.

1

## II.   LEGAL STANDARD

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) Motion to Dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully, and Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.   ANALYSIS

Under Texas law, the duty owed to a plaintiff by a premises owner depends on the plaintiff's status. *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010). Assuming Plaintiff was an "invitee" on Defendant's premises, as Plaintiff pleads in Paragraph 7 of her First Amended Complaint, Defendant owed her a duty "to exercise reasonable care to protect against danger from a condition on the land that create[d] an unreasonable risk of harm of which [Defendant] knew or by the exercise of reasonable care would discover." *Scott & White Mem'l Hosp.*, 310 S.W.3d at 412 (quoting *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000)). However, a premises owner's duty toward its invitee does not make the owner an insurer of the invitee's safety. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010).

The Court previously dismissed this case because Plaintiff failed to allege the existence of a condition posing an unreasonable risk of harm on Defendant's premises. The Supreme

2

Court of Texas has held that because naturally accumulated ice "results from precipitation beyond a premises owner's control" and invitees "are at least as aware as landowners of the existence of [ice] that has accumulated naturally outdoors and will often be in a better position to take immediate precautions against injury," naturally accumulated ice on a defendant's premises does not pose an unreasonable risk of harm to invitees. *Id.* at 412, 414 (alteration in original) ("[N]aturally occurring ice does not present an unreasonable risk of harm unless there is assistance or involvement of unnatural contact."). Generally, a "natural accumulation" of ice results from an act of nature, whereas an "unnatural accumulation" is caused by factors other than inclement weather conditions or the meteorological forces of nature. *Compare Scott & White Mem'l Hosp.*, 310 S.W.3d at 415 (holding premises owner not liable for injury caused by ice that accumulated on a sidewalk following a winter storm), *with Furr's, Inc. v. Logan*, 893 S.W.2d 187, 189, 191–92 (Tex. App.—El Paso 1995, no writ) (finding that an ice accumulation caused by a leaking vending machine could support a premises liability action).

Plaintiff's Original Petition did not contain any facts indicating that the ice she allegedly slipped on did not accumulate naturally. In her Amended Complaint, Plaintiff now describes how the Defendant's premises is comprised of five levels of parking spaces, with the top level uncovered and fully open to the elements. First Am. Compl. ¶ 9. She alleges that, during a six-day period between the initial precipitation of snow and ice and her fall, automobiles traveled to and parked on the top level, causing "snow and ice accumulations to form ridges" and making the parking lot "uneven and precarious for walking." *Id.* ¶¶ 11–14. She claims she fell when she slipped on the ice while trying to avoid those ridges. *Id.* ¶ 15.

The Supreme Court of Texas has not specifically addressed whether ice ridges created by vehicular traffic constitute an unnatural accumulation of ice. It has held, however, that

interference with how ice has frozen does not transform naturally accumulated ice into unnaturally accumulated ice; salting, shoveling, or applying chemical de-icer to naturally accumulated ice does not transform it from a natural to an unnatural state. *Scott & White Mem'l Hosp.*, 310 S.W.3d at 418; *see also Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 352 (Tex. App.—Dallas 2013, no pet.) (rejecting an argument that ice was not naturally occurring because "it had been 'shaped, altered, and modified by human beings'"). Furthermore, potential exceptions to the "natural accumulation" rule entertained by the Texas Supreme Court[1] require pleading additional hazards beyond the mere natural accumulation of ice. For instance, the Court indicated that naturally accumulated ice could possibly rise to an unreasonable risk of harm when "accumulated snow or ice covers a normally open and obvious danger, such as a deep hole in a parking lot or an eight-inch raised concrete bumper," or when a landowner is "actively negligent in permitting or creating an unnatural accumulation of ice or snow." *Scott & White Mem'l Hosp.*, 310 S.W.3d at 416–17; *see also Mercer v. Wal-Mart Stores Tex., LLC*, No. H-13-0523, 2014 WL 222593 (S.D. Tex. Jan 21, 2014) (holding that "negligently overlook[ing] ice" and "delayed remedying [of] the condition and [leaving] the ice" does not rise to the level of active negligence). In short, where the danger complained of "is one that is normally associated with ice," it does not pose an unreasonable risk of harm to invitees. *Scott & White Mem'l Hosp.*, 310 S.W.3d at 417.

The slipperiness of ice is a danger normally associated with wintery precipitation. The accumulation of ice and snow into piles and drifts is also an anticipated occurrence. Plaintiff was at least as aware as Defendant of the existence of the ice that had accumulated due to

---

[1] In *Scott and White Memorial Hospital*, the Texas Supreme Court considered exceptions to the natural accumulation rule that have been adopted in other jurisdictions, but declined to adopt them into Texas law. *See Scott & White Mem'l Hosp.*, 310 S.W.3d at 415–19.

4

wintery weather, and may have been in a better position than the Defendant to take immediate precautions to avoid injury. Indeed, Plaintiff concedes she was aware of the ice ridges, alleging that she fell "trying to avoid the snow and ice ridges created by the tires of vehicles allowed to park on the top level of the Defendant's premises." First Am. Compl. ¶ 8; *Scott & White Mem'l Hosp.*, 310 S.W.3d at 417 (noting that when the invitee is "clearly aware" of the hazard stemming from ice and it is "not substantially more dangerous than should be anticipated," there is no unreasonable risk of harm).

Plaintiff has not pleaded any facts suggesting that that the ice ridges were anything other than the result of naturally falling snow and ice. Thus, she has not pleaded any facts suggesting the natural accumulation of ice was transformed into an unnatural one. Plaintiff has also not pleaded any facts suggesting the ice ridges formed due to active negligence of the Defendant, nor that her injury resulted from a hazard concealed by the accumulated ice. Thus, Plaintiff has not alleged facts which support her claim, and her claim must be dismissed.

## IV.   CONCLUSION

Defendant's Motion is therefore **GRANTED**, and this case is **DISMISSED** with prejudice. Dismissal with prejudice is appropriate because Plaintiff has had multiple opportunities to plead her best case, and it is apparent that she is unable to plead her claim in a manner that will avoid dismissal. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

**SO ORDERED**.

August 31, 2016.

*[signature]*
BARBARA M. G. LYNN
CHIEF JUDGE